IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CORNELIUS COREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:23CV440 |
| | ) |
| JOSHUA DENNIS, | ) |
| | ) |
| Defendant(s). | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). He also paid the $402.00 filing fee, which moots the request to proceed *in forma pauperis* and leaves his Complaint for evaluation by the Court. Plaintiff names four prison employees as Defendants based on multiple alleged incidents and seeks damages based on these incidents.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, portions of the Complaint should be allowed to proceed, while other portions should be dismissed pursuant to 28 U.S.C. § 1915A(b) because they fail to state a claim upon which relief may be granted.

The Complaint alleges that Plaintiff filed grievances concerning his prison job and that Defendants Joshua Dennis and Nicholas Keagan then retaliated against him by harassing him

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

and placing him in lockup without cause. These allegations state claims for relief and can proceed. The Complaint additionally states that it alleges claims for assault and battery and negligence, but it contains no facts related to such claims. Therefore, only the retaliation claims should proceed.

The next Defendant named in the Complaint is Zachary Guthrie. The Complaint alleges that Defendant Guthrie did not properly conduct an investigation into Plaintiff's complaints against Defendant Dennis and later, in a separate incident, offered him protective custody but would not tell him why he was offering protective custody. Plaintiff had recently been involved in a fight with another inmate and in an incident with the final Defendant in the case, Kenneth C. Martinelli, and was unsure which of these occurrences might cause him to want protective custody. He did not ultimately request protective custody. Complaints under § 1983 can only be based on violations of the United States Constitution or federal laws or treaties. Nothing in the Complaint establishes a right by Plaintiff to an investigation by Defendant Guthrie or to know why Defendant Guthrie asked him if he wanted protective custody. There is generally no federal right to investigations even where any alleged misdeeds rise to the level of a crime. See Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002). As for protective custody, Plaintiff was aware of the two possible reasons he might want it, but he did not in fact want it. Therefore, Defendant Guthrie's reason for asking was irrelevant. Plaintiff could not have been harmed because he did not want protective custody for either reason. The Complaint fails to state any claim against Defendant Guthrie and he should be dismissed from the case.

As for Defendant Martinelli, the only reference to him in the Complaint is a conclusory statement that when Defendant Guthrie asked Plaintiff if he wanted protective custody he had "recently been assaulted by defendant Martinelli." (Docket Entry 2 at 20.) This bald and conclusory statement is not sufficient to raise any claim for relief. Plaintiff also attaches a prison grievance which appears to describe what may be the alleged "assault." According to the grievance, Defendant Martinelli called a fire drill in Plaintiff's dormitory and the prisoners went out into the yard to line up. (Id. at 25.) Defendant Martinelli allegedly began yelling and cursing at them about the cleanliness of their dormitory and that their inmate janitors were lazy and the reason they were out there. (Id.) Plaintiff considered this unprofessional, a violation of prison policy, and possibly an attempt to cause other prisoners to mistreat the janitors. (Id.) Plaintiff asked Defendant Martinelli what this had to do with him since Plaintiff was a groundskeeper, not a janitor. (Id.) Defendant Martinelli then ordered him to remove his headphones so he could hear him. (Id.) Plaintiff refused to obey the order, saying he could hear with them in his ears. (Id.) Plaintiff Martinelli "angrily snatched" the headphones out of Plaintiff's ears, took them, and never returned them. (Id. at 26.) Plaintiff concluded the grievance by stating that he believed the fire drill was fake and that it was done as "retaliation" against himself and unnamed others for Plaintiff's past grievances and complaints. (Id.)

Even taken as true and treated as part of the Complaint, the factual allegations against Defendant Martinelli set out in the grievance do not state any claim for relief. The grievance sets out no facts drawing any link between the fire drill and any retaliation against Plaintiff. It

4

is entirely conclusory in that regard. Instead, the alleged facts actually suggest it was connected to the inmate janitors and had nothing to do with Plaintiff until he chose to involve himself. As for the taking of Plaintiff's headphones, Plaintiff disobeyed a direct order from a guard. He points to nothing suggesting that Defendant Martinelli could not take the headphones in response or, most importantly, that taking them violated federal law in some way. The Complaint may be attempting to state an assault and battery claim under state law based on Defendant Martinielli's removal of the headphones. However, again, such a claim is not supported given Plaintiff's refusal to obey a direct order from a guard and Defendant Martinelli's use of minimal force to remove them, all of which is reflected in the grievance. See generally, In re K.C., 226 N.C. App. 452, 459, 742 S.E.2d 239, 244 (2013) (discussing the requirement for touching related to assault and battery to be unlawful); Myrick v. Cooley, 91 N.C. App. 209, 215, 371 S.E.2d 492, 496 (1988) (stating that force must be excessive in order to support an assault claim where force is used for a legitimate purpose). As for any claim involving the deprivation of property, where a post-deprivation remedy is available under state law, there is no procedural due process claim under § 1983 for such takings. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Chamberlain v. Jordan, No. 1:06CV73, 2006 WL 3386840, at *4 (M.D.N.C. Nov. 17, 2006) (unpublished). Prisoners in North Carolina may bring actions for conversion in the state courts based on any deprivation of property. Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983). Therefore, Plaintiff cannot bring a procedural due process claim under § 1983 based on the deprivation or seizure of his property. Moore v. Plaster, 266 F.3d 928, 929-33 (8th Cir. 2001); Wilkins, supra; English v. Burke County Sheriff's Office, No. 1:11-

5

cv-144-RJC, 2012 WL 3811798, at * 3-4 (W.D.N.C. Sept. 4, 2012) (unpublished). Instead, he must seek any remedy in the state courts for property-related claims. Also, the Court notes that, according to one of the responses to his grievance, he was already reimbursed for the cost of the headphones. (Docket Entry 2 at 29.) Therefore, it appears that he already received his remedy for the loss of property.

IT IS THEREFORE ORDERED that *in forma pauperis* status is denied as moot in light of Plaintiff's payment of the entire filing fee.

IT IS FURTHER ORDERED that the Clerk shall prepare and file requests for waivers of service for Defendants Dennis and Keegan and proceed as to those Defendants under the process for service set out in Standing Order 19 of this Court.

IT IS RECOMMENDED that Plaintiff's retaliation claim against Defendants Dennis and Keagan be allowed to proceed but that all other claims be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 15th day of June, 2023.

                                            /s/ Joe L. Webster
                                        United States Magistrate Judge