# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CORNELIUS COREY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23CV440 |
| | ) | |
| JOSHUA DENNIS, KENNETH C. MARTINELLI, ZACHARY GUTHRIE, and NICHOLAS KEAGAN | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on three motions. Defendants Joshua Dennis and Nicholas Keagan ("Defendants") filed a motion to dismiss all claims for failure to exhaust administrative remedies, along with an accompanying memorandum. (Docket Entries 15, 16.)[1] Plaintiff Cornelius Corey ("Plaintiff") filed a Response. (Docket Entry 20.) Additionally, Plaintiff filed a motion for entry of default and a motion for default judgment. (Docket Entries 18, 19.) All motions are now ripe and ready for review. For the reasons below, the undersigned will recommend that Defendants' motion to dismiss pursuant to Rule 12(b)(6) be converted to a motion for summary judgment pursuant to Rule 56 and granted. Also, the undersigned

---

[1] Defendants Dennis and Keagan are the only remaining Defendants in this action; all other Defendants were dismissed pursuant to 28 U.S.C. § 1915A. (*See* Docket Entry 3; *see also* Docket Entry 9.)

will deny Plaintiff's motion for an entry of default (Docket Entry 18) and motion for default judgment (Docket Entry 19).

**I. BACKGROUND**

In June 2023, Plaintiff, a *pro se* prisoner, filed an application to proceed *in forma pauperis* ("IFP") and a Complaint.[2] (Docket Entries 1, 2.) In his Complaint, Plaintiff brings claims against several defendants, all of whom were employed by the North Carolina Department of Adult Corrections ("NCDAC"). (Docket Entry 2 at 2.)[3] Upon review of Plaintiff's IFP application, the Court dismissed all claims for failure to state a claim upon which relief can be granted except for the retaliation claims against Defendants Dennis and Keagan. (Docket Entries 3, 9.) The Court also denied Plaintiff's IFP application as moot because he had already paid the filing fee. (*See id.*)

Regarding the remaining retaliations claims, Plaintiff alleges that, after having multiple, heated confrontations with Defendant Dennis, he was summoned to a meeting with Defendants Dennis and Keagan.[4] (*See id.* at 18.) He claims that during the meeting, Defendant Dennis began to yell at him for filing a grievance relating to an incident in which Defendant Dennis allegedly forced Plaintiff to work outside during a heat advisory.[5] (*See id.* at ¶ 22.)

---

[2] As it was originally docketed, there were several pages missing from the Complaint. Thereafter, the docket was updated, so that it now reflects the Complaint in its entirety.

[3] Unless otherwise noted, all citations in this recommendation refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

[4] Plaintiff's Complaint is extensive and details numerous incidents involving several officers. However, since the Court has limited the scope of the Complaint to only the retaliation claims against Defendants Keegan and Dennis, the undersigned will only detail the allegations concerning the remaining retaliation claims.

[5] Plaintiff alleges the incident relating to the heat advisory occurred on June 13, 2022. (Docket Entry 2 at 16-17.) He further states that the meeting with Defendants occurred "[a] couple of weeks later." The grievance for this matter is dated August 3, 2022. (*See* Docket Entry 16-8.)

Plaintiff alleges that Defendant Dennis shouted, "Are you calling me a slave-driver?!" before placing him in restraints and taking him to "lock-up" for 17 days. (*See id.* at 18-20.) As a result of the incident, Plaintiff filed another grievance and sent a letter to the assistant warden and prison headquarters in Raleigh, NC, in which he claimed prison officials were targeting him with "retaliation, intimidation, and harassment in violation of prison policy . . . ." (*Id.* at 19; *see also* Docket Entry 16-8.) He requests relief in the form of punitive damages and a declaratory judgment stating that Defendants Dennis and Keegan retaliated against him. (*See id.* at 27-28.)

In October 2023, Defendants filed a motion to dismiss for failure to exhaust administrative remedies and a supporting memorandum. (Docket Entries 15, 16.) Thereafter, Plaintiff was sent a "Roseboro Letter."[6] (Docket Entry 17.) Subsequently, Plaintiff filed a motion for entry of default and a motion for default judgment. (Docket Entries 18, 19.)

## II. DISCUSSION

### A. Defendants' Motion to Dismiss

Defendants move pursuant to Rule 7 of the Federal Rules of Civil Procedure and the Prisoner Litigation Reform Act of 1995 ("PLRA"). *See* 42 U.S.C. § 1997e(a). (*See* Docket Entry 15 at 1.) As a preliminary matter, the undersigned notes that Defendants improperly cite Rule 7 in conjunction with the PLRA as their procedural vehicle for dismissal of this case. (*See* Docket Entry 15.) However, given the substance of the motion, the procedural posture of this case, and because this motion was filed in lieu of an answer, this Court considers Defendants' motion to dismiss under Rule 12(b)(6) motion. *See Roberts v. Am. Neighborhood Mort. Acceptance*

---

[6] A "Roseboro Letter" is a notice sent pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which advises a *pro se* plaintiff of his right to file responses to dispositive motions filed by defendants.

*Co.*, No. CV JKB-17-0157, 2017 WL 3917011, at *3 n.2 (D. Md. Sept. 6, 2017) (unpublished) ("In accordance with the basic philosophy of the federal rules, the substance of a party's defense or objection rather than its form will control the district court's treatment of a Rule 12(b) motion or a responsive pleading." (citation omitted)). Moreover, as further explained below, Defendants' motion should be converted to a motion for summary judgment after reliance upon, and the Court's consideration thereto, of materials outside the Complaint. *See Bennett v. Gregory*, No. 3:15-0493, 2015 WL 10012986, at *2 (M.D. Tenn. Aug. 17, 2015) (unpublished) (converting a motion to dismiss for failure to exhaust administrative remedies into a motion for summary judgment under Rule 12(d), even though "[d]efendants fail[ed] to provide a procedural basis for their motion"), *report and recommendation adopted*, No. 3:15-0493, 2016 WL 454781 (M.D. Tenn. Feb. 5, 2016) (unpublished); *Washington v. Hindsley*, No. 3:14-CV-01465, 2014 WL 6818965, at *2 (M.D. Tenn. Dec. 2, 2014) (same).

**2. Relevant Standard**

In their supporting memorandum, Defendants contend that the Court should dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies. (*See* Docket Entries 15, 16.) In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct." *Id.; see also Simmons v. United Mortg. and Loan Inv., LLC,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff" but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

However, here, Defendants have also submitted evidence relating to Plaintiff's use of Albemarle's formal grievance process. (*See generally* Docket Entries 16-3, 16-4, 16-5, 16-6, 16-7, 16-8.) Specifically, Defendants submitted declarations from the North Carolina Department of Adult Corrections ("NCDAC") employees Kimberly Grande and Jeanette Robinson and four copies of grievances that Plaintiff has filed. (*See id.*) Three of the four of the attached grievances advanced through three steps of the appeal process. (*See* Grande Decl. ¶ 10, Docket Entry 16-3; *see also* Docket Entries 16-4, 16-5, 16-6.) However, the fourth grievance, which relates to the instant matter, only completed two steps of the appeal process. (*See* Docket Entry 16-8.) Defendants rely upon such information to demonstrate that Plaintiff did not fully exhaust his administrative remedies regarding the remaining retaliation claims in the instant

5

Complaint. Because these documents contain information not referenced in the Complaint and because the Court considers this evidence in disposing of this pending motion, Defendant's motion to dismiss should be converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *see also Johnson v. Wolfe*, No. Civ. A. ELH-13-719, 2014 WL 2651184 at *2-3 (D. Md. June 11, 2014) (unpublished) (construing motion to dismiss as a motion for summary judgment where the movant attached several exhibits supporting movant's position which were not excluded by the court); *Morris v. Lowe's Home Ctrs., Inc.,* No. 1:10–CV–388, 2011 WL 2417046, at *2 (M.D.N.C. June 13, 2011) (unpublished) ("When 'matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56.'").

When construing a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the [converted] motion." *See* Fed. R. Civ. P. 12(d). "[T]he term 'reasonable opportunity' requires that all parties be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment, with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (alteration, some internal quotation marks, and citation omitted).

The Court finds that Plaintiff was afforded appropriate notice and reasonable opportunity to respond in this matter. First, Defendants submitted evidence in support of the motion to dismiss that was "outside the pleadings, putting [Plaintiff] on notice of possible

6

conversion." *Fornshill v. Ruddy*, No. 95-2490, 89 F.3d 828 (table), 1996 WL 333223, at *2 (4th Cir. June 11, 1996) (unpublished)); *see also Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-261 (4th Cir. 1998) ("Setting aside the caption for a moment, we note that the [D]efendant submitted affidavits and other materials with its motion. . . . Therefore, by operation of the Federal Rules of Civil Procedure, [P]laintiff also should have been on notice that the [D]efendant's motion could be considered by the court to be a summary judgment motion.").

Second, Plaintiff was further put on notice by the *Roseboro* letter sent to him, which advised him:

> The defendants, J[oshua] D[ennis] and N[icholas] K[eagan] filed a Motion to Dismiss on 10/13/2023, which may or may not have been supported by an affidavit.
>
> You have the right to file a 20-page response in opposition to the defendant(s)' motion(s). *Your failure to respond or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the defendant(s)' contentions are undisputed and/or that you no longer wish to pursue the matter. Therefore, unless you file a response in opposition to the defendant(s)' motion(s), it is likely your case will be dismissed or summary judgment granted in favor of the defendant(s).* A response to a motion to dismiss must be filed within 21 days from the date of service of the defendant(s)' motion upon you.
>
> Any response you file should be accompanied by a brief containing a concise statement of reasons for your opposition and a citation of authorities upon which you rely. *You are reminded that affidavits must be made on personal knowledge, contain facts admissible in evidence and be made by one shown to be competent to testify.* A false statement under oath or under penalty of perjury may be a crime punishable as provided by law.

(Docket Entry 17) (emphasis added). Because the *Roseboro* Letter advised Plaintiff to respond with "affidavits or evidence in rebuttal," he was put on notice that the Court might consider summary judgment, and conversion is therefore proper.

Further, Plaintiff filed a response to Defendants' motion and attached documents including his declaration. (*See* Docket Entry 20.) Under the circumstances, considering Defendants' reliance on affidavits and exhibits, Plaintiff's response with attached documents, and neither side's indication regarding a need for more discovery, the Court concludes that Defendants' motion should be treated as a request for summary judgment under Rule 56. *Gay*, 761 F.2d at 177; *see also Metis v. Yarbrough*, No. 1:21CV617, 2022 WL 2869048, at *11 (M.D.N.C. July 21, 2022) (unpublished) ("Defendant relies on exhibits outside the Amended Complaint in support of his Motion . . . . Accordingly, his Motion more properly constitutes a request for summary judgment than for Rule 12(b)(6) dismissal."); *Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989) (treating district court's holding as a grant of summary judgment, where "[t]he [plaintiffs] had ample opportunity to bring forth evidence to show that genuine issues of material fact remained").

### 3. Rule 56 Requirements

In analyzing a summary judgment motion, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of establishing the absence of a genuine dispute of material fact, *Celotex Corp. v.*

8

*Catrett*, 477 U.S. 317, 323 (1986), and "any factual assertion in the movant's affidavits will be accepted . . . as being true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertion," *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (internal quotation marks omitted).

"While the Court will view the facts and inferences drawn in the light most favorable to the nonmoving party, the party opposing the motion for summary judgment must put forth specific facts showing a genuine issue for trial." *Dunn v. Aclairo Pharm. Dev. Grp., 401(K) Plan*, No. 1:15-CV-975, 2016 WL 592787, at *2 (E.D. Va. Feb. 10, 2016) (citing *Anderson*, 477 U.S. at 248). In that regard, the nonmoving party cannot rest on conclusory allegations or denials, and "[t]he mere existence of a scintilla of evidence" will not defeat a summary judgment motion. *Anderson*, 477 U.S. at 252, 256.

Here, Defendants contend that they are entitled to the dismissal of this case because Plaintiff did not exhaust his administrative remedies before filing this action. (Docket Entry 16.) In support of their motion, Defendants rely on the declaration of Kimberly Grande, who currently serves as the Executive Director of the Inmate Grievance Resolution Board ("IGRB"), which is charged with the investigation of inmate grievances pursuant to the Administrative Remedy Procedure ("ARP"). (Grande Decl. ¶¶ 3-4, Docket Entry 16-3.) Grande states that, pursuant to the ARP, to fully exhaust a grievance, the appeal process must proceed through three steps. (*Id.* ¶ 6-8, 9.) Further, Grande states that exhaustion of remedies by an offender in custody of the North Carolina Department of Public Safety ("NCDPS") is not complete until the agency has completed its review and issued an order. (*Id.* ¶¶ 6, 9.)

9

Grande reviewed the IGRB records for all Step 3 grievance appeals submitted by Plaintiff between December 1, 2021, and August 2, 2023. (*Id.* ¶ 10.) She states that three grievances were filed and exhausted through Step 3. (*See id.* ¶ 11; *see also* Docket Entries 16-4 (grievance concerning Plaintiff shielding himself from view of the cameras in the bathroom), Docket Entry 16-5 (grievance concerning a fire drill in G-dormitory), Docket Entry 16-6 (grievance concerning a conversation with Captain Guthrie).)

In addition to Grande's declaration, Defendants rely on the declaration of Jeanette Robinson, who currently serves as the Assistant Warden at Albemarle and has access to the Offender Population Unified System ("OPUS").[7] (Robinson Decl. ¶¶ 3-4, Docket Entry 16-7.) Robinson states that on August 3, 2022, Plaintiff submitted a grievance regarding the allegations asserted in the instant action, but only two of the three required steps were completed, and thus the grievance was not fully exhausted. (*Id.* at ¶ 5; *see also* Docket Entry 16-8.)

Failure to Exhaust Administrative Remedies

Defendants assert that Plaintiff failed to exhaust his administrative remedies for the remaining claims prior to filing suit. (*See* Docket Entry 16.) The undersigned agrees. The PLRA requires inmates to properly exhaust administrative remedies before filing civil actions challenging the conditions of their confinement. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular

---

[7] OPUS is an electronic database that contains comprehensive inmate records and through this database Robinson can obtain, and review offender grievances submitted at Albemarle and the responses to such grievances. (Robinson Decl. at ¶ 4.)

episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It is well-settled that Section 1997e's exhaustion requirement is mandatory.[8] *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Woodford*, 548 U.S. at 90-91 (stating that the PLRA requires "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules"); *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 676-77 (4th Cir. 2005) (citing *Porter*, 534 U.S. at 524).

The ARP governs the filing of grievances in each of the NCDPS' correctional facilities. *See, e.g., Moore*, 517 F.3d at 721. (*See also* Docket Entry 16-2.) Under the ARP, an incarcerated person does not exhaust his administrative remedies with NCDPS until he completes all three steps of the ARP. (*See* Docket Entry 16-2 at 9 ("The decision by the IGE . . . shall constitute the final step of the Administrative Remedy Procedure.").) A review of Plaintiff's Complaint, his attached grievances, the exhibits attached to Defendants' motion, and the exhibits attached to Plaintiff's Response demonstrate that Plaintiff did not exhaust his administrative remedies in relation to the remaining claims against Defendants Dennis and Keegan.

First, the uncontested evidence shows that Plaintiff understood the ARP. NCDPS policy requires written notification of the ARP to be given to inmates during orientation along with oral explanation of the procedure. (*See* Docket Entry 16-2 at 1.) Plaintiff appealed and fully exhausted three grievances between December 1, 2021, and August 2, 2023. (*See* Docket

---

[8] The Court recognizes that a prisoner's failure to exhaust administrative remedies may be excused when prison officials hinder, delay, or otherwise prevent prisoners from availing themselves of administrative procedures. *See Hill v. Haynes*, 380 F. App'x 268, 270 (4th Cir. 2010). However, Plaintiff has not presented any factual support for this exception to be applicable to the disposition of this motion.

11

Entries 16-4, 16-5, 16-6.) Also, when asked about administrative remedies, Plaintiff indicated that he exhausted them. (Docket Entry 2 at 7, 25.)

Second, none of the three grievances that were fully exhausted by Plaintiff relate to the remaining claims against Defendants Dennis and Keagan. In his Response, Plaintiff alleges that that Grievance 4580-2023-FALSG-00152 (hereinafter "Grievance 00152"), which was filed on February 28, 2023, and fully exhausted, relates to the remaining claims against Defendants Dennis and Keagan. (Docket Entries 16-5; 20-1 at 8.) In support of his claim, he argues that Defendants' retaliatory conduct is indirectly referenced through his statement: "This is only one of several incidents of retaliation orchestrated against me, which started in December of 2021, and has continued up to this current incident." (*See* Docket Entries 16-5 at 4; 20-1 at 5.) He cites to *Jones* and contends that the Supreme Court held that a grievance does not have to name a defendant that is later sued. 549 U.S. at 219.

Upon review of the attachments presented by Defendants and Plaintiff, the Court finds that Grievance 00152 does not reference the incident that prompted the remaining claims in the instant action. Instead, Grievance 00152 references an incident from February 2023 in which Sgt. Martinelli allegedly instigated a fire drill in retaliation against Plaintiff. (*See* Docket Entry 16-5 at 3.) The grievance was reviewed by this Court as a part of Plaintiff's Complaint, and the Court held that Plaintiff did not state a claim for relief against Sgt. Martinelli because he had failed to form a link between the fire drill and the alleged retaliation against Plaintiff. (*See* Docket Entry 3 at 4.) Therefore, Plaintiff's assertion that Grievance 00152 indirectly incorporates the events from the instant matter is insufficient to support his assertion that he

12

has fully exhausted his administrative remedies for the August 2022 incident involving Defendants Dennis and Keegan.[9]

Third, Plaintiff did not fully exhaust the grievance filed in relation to the remaining retaliation claims in this action. Plaintiff initiated Step 1 of the ARP by filing Grievance number 4580-2022-SCA-19048 (hereinafter "Grievance 19048"). (Docket Entry 16-8.) In Grievance 19048, Plaintiff asserted facts identical to those in his Complaint regarding the alleged incident that occurred in August 2022. (*See id.* at 1.) After the alleged events in August 2022, Plaintiff had a ninety (90) day window (Docket Entry 16-8 at 1) to file a grievance. (*See* Docket Entry 16-2 at 4 ("[A] grievance may be rejected at any level if: . . . [t]here has been a time lapse of more than ninety (90) days between the alleged event and submission of the grievance.").) However, the uncontested evidence shows that Plaintiff never exhausted Grievance 19048. Rather, after completing Step 2, Plaintiff checked that he "[a]gree[d] with the grievance response" and signed his name. (Docket Entry 16-8 at 7.)

In sum, due to evidence attached to both parties' documents, there exists no genuine issue of material fact that Plaintiff failed to exhaust his administrative remedies by only completing two of the three steps required by the ARP before filing this lawsuit. Plaintiff has presented no evidence to the contradict this finding. Therefore, Defendant's motion should be granted.

---

[9] Further, Grievance 00152 was filed in February 2023, 6 months after the August 2022 incident with Defendants Keegan and Dennis. Assuming arguendo that Grievance 00152 was directly responsive to the instant matter, the 90-day deadline to file a grievance would have expired long before Plaintiff filed Grievance 00152. Further, Plaintiff explains that he filed the grievance at issue here a few weeks after June 2022, *see supra* note 5, which corresponds with the August 2022 filing of Grievance 19048.

13

### B. Plaintiff's Motion for Entry of Default

In October 2023, Plaintiff filed a "Request for Entry of Default" against Defendants Dennis and Keagan. (Docket Entry 18.) The Clerk's Office sent waivers of service to both Defendants on August 14, 2023, which, pursuant to Rule 4(d)(3), made the 60-day deadline for filing an answer or defense October 13, 2023. (*See* Docket Entry 10.) On October 13, 2023, Defendants Dennis and Keagan filed their motion to dismiss. (*See* Docket Entry 15.) Federal Rule of Civil Procedure 55 requires a clerk to enter default when a defendant has "failed to plead or otherwise defend." In this case, Defendants filed their motion to dismiss in accordance with Rules 4 before the 60-day deadline expired. Accordingly, Plaintiff's Request for Entry of Default (Docket Entry 18) against Defendants is hereby denied.

### C. Plaintiff's Motion for Default Judgment

Plaintiff also filed a "Motion for Default Judgment" (Docket Entry 19) against Defendants Dennis and Keagan. Because the undersigned has denied Plaintiff's motion for entry of default (*See* Docket Entry 18), Plaintiff's "Motion for Default Judgment" is also denied.

### III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that "Defendants' Motion to Dismiss All Claims for Failure to Exhaust Administrative Remedies" (Docket Entry 15) be converted to a motion for summary judgment and be **GRANTED** and that this action be dismissed without prejudice.

**IT IS HEREBY ORDERED** that Plaintiff's "Request for Entry of Default" (Docket Entry 18 be **DENIED**. **IT IS FURTHER ORDERED** that Plaintiff's "Motion for Default Judgment" (Docket Entry 19) be **DENIED.**

                                              /s/ Joe L. Webster
                                           United States Magistrate Judge

June 27, 2024
Durham, North Carolina